IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

CIVIL ACTION NO. 4:04-22691-25

FILED
OCT 21 2004
LARRY W. PROPES, CLERK
FLORENCE, SC

| | |
|---|---|
| Charles David West and Chastity Dawn West, <br><br> Plaintiffs, <br><br> vs. <br><br> Northern Tool & Equipment Company, Inc. and S & H Industries, Inc., <br><br> Defendants. | NOTICE OF REMOVAL |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, THE COURT OF COMMON PLEAS FOR FLORENCE COUNTY, SOUTH CAROLINA, AND, ALL PARTIES AND ATTORNEYS OF RECORD:

YOU WILL PLEASE TAKE NOTICE that the Defendant, S & H Industries, Inc., hereby invokes the removal jurisdiction of the United States District Court for the District of South Carolina on the following grounds:

1. At the time of the commencement of this action and of the filing of this Notice of Removal, the Plaintiffs and Defendants herein maintained the following citizenship and residencies:

    a. The Plaintiffs were and now are citizens and residents of the State of West Virginia;

    b. The Defendant, Northern Tool & Equipment Company, Inc. was and now is a corporation organized, existing and incorporated under the laws of the State of Minnesota;

Page 1 of 3

c.  The Defendant, S & H Industries, Inc., was and now is a corporation organized, existing and incorporated under the laws of the State of Ohio.

At all of said times, the Plaintiffs and Defendants were and now are citizens of different States of the United States.

2.  The Plaintiffs commenced this action by filing the Summons and Complaint with the Court of Common Pleas for Florence County, State of South Carolina, on September 24, 2004 and the Defendant S & H Industries, Inc. first received a copy of said Summons and Complaint by personal service on or about October 6, 2004.

3.  The action is currently pending in the Court of Common Pleas for Florence County, State of South Carolina, located within the above-named Division of this Court; and the time for the Defendants to answer or plead to the Complaint of the Plaintiffs has not yet expired

4.  This is a civil action in which the Plaintiffs seek damages for alleged negligence and the amount in controversy between the Plaintiffs and Defendants exclusive of interest and costs, exceeds the sum or value of Seventy-five Thousand and NO/100 ($75,000.00) Dollars, of which the District Courts of the United States have original jurisdiction.

5.  A copy of all process, pleadings and orders served upon the Defendants are attached hereto.

6.  The Defendant S & H Industries, Inc. is providing the Clerk of Court from which the action was removed with a copy of this Notice of Removal.

7.  Defendant Northern Tool & Equipment Company, Inc. consents to and joins in this Notice of Removal.

WHEREFORE, the Defendant S & H Industries, Inc. prays that this Notice of Removal be accepted as sufficient for removal of the said action to this Court.

        Respectfully submitted,

        TURNER, PADGET, GRAHAM & LANEY, P.A.

Florence, South Carolina

October 21ST, 2004

BY: _____
William C. Barnes, Jr.
Federal ID No: 6958
Post Office Box 5478
Florence, SC 29502
(843) 662-9008

Attorneys for the Defendant,
S & H Industries, Inc.

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF FLORENCE | ) | |
| | ) | |
| Charles David West and [Audrey] Dawn West, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 04-CP-21-1070 |
| vs. | ) | **RECEIVED** |
| | ) | |
| Northern Tool & Equipment Company, Inc. | ) | SEP 2 8 2004 |
| and S&H Industries, Inc. | ) | |
| Defendant(s) | ) | DAWSON INSURANCE, INC. |

| (Please Print) | SC Bar #: | 004089 |
|---|---|---|
| Submitted By: S. Kirkpatrick Morgan, Jr. | Telephone #: | (803) 359-6194 |
| Address: 135 E. Main Street, [P.O. Box] 949 | Fax #: | (803) 957-4584 |
| Lexington, SC 29071 | Other: | |
| | E-mail: | km@walkermorgan.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts – Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☒ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ [   ] Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ [Minor] Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |

| Special/Complex Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Public Service Commission (990) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Employment Security Comm (991) |
| ☐ Medical (620) | ☐ Other (699) | | ☐ Other (999) |

CERTIFIED: A TRUE COPY
Connie R. Rast [signature]
CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C. 9-23-04

Submitting Party Signature: [signature]    Date: 9-23-04

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings [Sanctions] Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY
Florence, Horry, Lexington, Richland, Greenville**, and Anderson**
** Contact Respective County Clerk of Court for modified ADR Program Rules

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR upon the following grounds:

    a. Special proceedings or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Cases which are appellate in nature such as appeals or writs of certiorari;

    c. Post Conviction relief matters;

    d. Contempt of Court proceedings;

    e. Forfeiture proceedings brought by the State;

    f. Cases involving mortgage foreclosures; and

    g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

Please Note:    You must comply with the Supreme Court Rules regarding ADR.
               Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE ) | |
| Charles David West and ) | C/A NO.: 20 04 CP 21 1020 |
| Chastity Dawn West ) | |
| Plaintiffs, ) | |
| v. ) | **SUMMONS** |
| ) | (Jury Trial Requested) |
| Northern Tool & Equipment ) | (Products Liability / Loss of Consortium) |
| Company, Inc. and H ) | **RECEIVED** |
| Industries, Inc., ) | |
| ) | SEP 2 8 2004 |
| Defendants. ) | |
| ) | DAWSON INSURANCE, INC. |

TO: THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiffs; attorneys, Walker & Morgan, at their office located at 135 East Main Street, Post Office Box 949, Lexington, South Carolina, 29072, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

WALKER & MORGAN

*/s/ S. Kirkpatrick Morgan, Jr.*
S. Kirkpatrick Morgan, Jr.

*/s/ William P. Walker, Jr.*
William P. Walker, Jr.

135 East Main Street
Post Office Box 949
Lexington, SC 29071
(803) 359-6194 Phone
(803) 957-4584 Facsimile
km@walkermorgan.com

Attorneys for Plaintiffs

Lexington, South Carolina
September 2004

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE ) | |
| Charles David West and ) | C/A NO.: 2004 CP 21 1070 |
| Chastity Dawn West, ) | |
| Plaintiffs, ) | |
| v. ) | **COMPLAINT** |
|  ) | (Jury Trial Requested) |
| Northern Tool & Equipment ) | (Products Liability / Loss of Consortium) |
| Company, Inc. and S & H ) | |
| Industries, Inc., ) | |
| Defendants. ) | |

The Plaintiffs, above named, complaining of the Defendants herein, would respectfully show unto this Court as follows:

1. That the Plaintiff, Charles David West, is a resident and citizen of the State of West Virginia, United States of America.

2. That the Plaintiff, Chastity Dawn West, is a resident and citizen of the State of West Virginia, United States of America.

3. That the Defendant Northern Tool and Equipment Company, Inc. (hereinafter "Defendant Northern Tool") is a Minnesota corporation doing business in the County of Florence, State of South Carolina

4. That the Defendant S & H Industries, Inc. (hereinafter "Defendant S & H") is an Ohio corporation doing business in the County of Florence, State of South Carolina.

5. That this Court has jurisdiction over the Defendants above named, and venue is proper.

1

10/07/04  14:56 FAX      7570        UTICA INS                                    ☒037

6.  That at all times relevant hereto, the Defendant S & H is a designer, manufacturer, assembler, and/or seller of aftermarket productivity tools, including but not limited to, abrasive blasters and equipment. Their products are sold by distributors and dealers nationwide.

7.  That at all times relevant hereto, the Defendant Northern Tool is a seller of various tools and equipment, including but not limited to generators, pressure washers, engines and various power tools. It sells products manufactured by S & H. As a component of its products line, it sells sandblasters.

8.  That in or about the year of 2001, and thereafter, the Defendant S & H designed, manufactured, and/or sold a certain product line known as ALC Sandy Jet, which included abrasive blasters and equipment. In particular, they designed, manufactured, sold and/or imported for resale throughout the United States a certain pressure blaster (also known as a sandblaster) with a 20 gallon /100 pound capacity tank, three eighth inch brass valves, air, throttling, and sand metering, pressure release valve and heavy duty hose nozzle. The device had a pressure range of 65 to 125 pounds per square inch. The unit was sold to consumers by Northern Tool under the designation of "Northern 155340 Pressure Blaster." The unit was ungrounded, and/or lacked proper bonding.

9.  That in or about June of 2001, the Defendant Northern Tool sold to the Plaintiff, Charles West, an S & H manufactured sandblaster designed as a "Northern 155340 Pressure Blaster" from its Rock Hill, South Carolina retail location.

2

10/07/04  14:56 FAX 770 481 7570    UTICA INS    ☒038

10. That on or about October 2, 2001, the Plaintiff was refinishing a 1978 Ford F-250 extended cab pickup truck. During the course of that project, he removed, emptied, and washed the side gas tank in preparation for sandblasting.

11. That his sandblaster was a "pressure pot" type blaster, and was manufactured, assembled, marketed, and recommended for "automobile repair and rust removal."

12. That Plaintiff began the process of cleaning and rust removal of the aforementioned truck gasoline tank with the Defendants' sandblaster. Suddenly, and without warning, static electricity from the sandblaster ignited residual gasoline vapors within the garage area. The explosion engulfed Plaintiff in flames.

13. That as a result of the incident, he suffered tremendous pain and suffering, emotional trauma, severe and life altering permanent scarring and injuries, and has incurred medical bills in an amount in excess of $3 Million, and will likely incur additional and future medical and life care costs directly resulting from the fire.

14. That the sandblaster product manufactured and sold by Defendants was not grounded, and/or lacked proper bonding, so as to prevent the formation of static electricity. Furthermore, Defendants did not disclose these conditions, nor provide any warnings or directions as to how to avoid the risk associated therewith.

15. That the co-Plaintiff, Chastity West, has lost the companionship, comfort, and society of her husband as a result of these injuries.

## FOR A FIRST CAUSE OF ACTION
### (Strict Liability)

16. The Plaintiffs allege each and every paragraph as if set forth hereinbelow verbatim.

17. At all times and places relevant to this action and for sometime prior thereto, Defendants were engaged in the business of designing, manufacturing, assembling, testing, selling and/or distributing their sandblaster product throughout the United States and the State of South Carolina including the County of Florence, for use by certain members of the general public.

18. Upon information and belief, the sandblaster product used by the Plaintiff was in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a foreseeable and recommended manner. The product was defective, however, in that although Plaintiff's use was foreseeable, it posed an unreasonable danger to the human body as a result of the lack of being grounded, and/or properly bonded, or lacked warnings applicable thereto.

19. That the defective and dangerous conditions proximately caused the Plaintiffs' injuries while Defendants' product was used for its ordinary and intended purpose and in a foreseeable manner, by reason of which the Defendants are strictly liable to the Plaintiffs for their injuries and damages.

4

10/07/04  14:56 FAX 770 481 75??    UTICA INS    ☒040

## FOR A SECOND CAUSE OF ACTION
### (Negligence)

20. The Plaintiffs allege each and every paragraph as if set forth hereinbelow verbatim.

21. That the aforesaid sandblaster was designed and manufactured by Defendant S & H, and sold to Plaintiff by the Defendant Northern Tool.

22. That the Defendants designed, manufactured, assembled, and sold the sandblaster knowing that without it being grounded, and/or with proper bonding, the unit was likely to allow the creation of static electricity. Defendants further knew that static electricity could serve as a source of ignition of fuel vapors likely to exist in an automotive garage type location, or coming directly from the machine itself.

23. That the Defendants knew or should have known of the possibility of such likelihood through literature, scientific knowledge, engineering, industry standards, and federal regulations. Nevertheless, the Defendants, knowing that the sandblaster was inherently dangerous and defective, continued to manufacture, market, distribute, assemble, and/or place into the stream of commerce the sandblasters for use in automotive renovation and repair facilities where individuals would likely be exposed to injury by ignition of flammable vapors.

24. That in addition to the defective design or construction of the unit, Defendants did further fail to warn or advise of precautions to avoid explosions resulting from ignition of fuel vapors by static electricity created by the unit. In fact, the Defendants could have acted reasonably to remedy the dangerous conditions, or actually warn users of the risk so as to avoid the injuries sustained by Plaintiffs.

5

10/07/04  14:57 FAX 770 481 7570    UTICA INS                                    ☒041

25.     That Plaintiff Charles West's exposure to the sudden violent explosion of fuel vapors during the normal operation of the sandblaster was directly and proximately caused by the negligence, careless, reckless, and deliberate disregard by the Defendants, jointly and severally, of the safety of Plaintiffs, and all foreseeable users and consumers in the following particulars, to wit:

    a.    In designing, manufacturing, distributing, selling and placing into the stream of commerce a sandblaster of such design and configured dimensions that it was ungrounded, thereby allowing for formation of a static electrical charge, to wit: a source of ignition.

    b.    In failing to provide a proper and clear warning of the dangers of operating the sandblaster.

    c.    In designing, manufacturing, distributing, selling, financing and placing into the stream of commerce an inherently dangerous sandblaster specifically marketed for use in automotive repair facilities, which such operations more likely than not to allow exposure to fuel vapors likely to be ignited by static electricity.

    d.    In failing to use all available engineering, design and manufacturing skills to provide a safer sandblaster.

    e.    In not providing clear and adequate warnings of the dangers and risks of explosions and/or ignition of fuel vapors caused by the reasonable and normal operation of the sandblaster.

    j.    In failing to follow accepted safety standards in the design, manufacture and sale of the sandblaster.

    k.    In failing to follow Defendants' own manufacturing protocol and design specifications for sandblaster, which would make them grounded.

    l.    In failing to adequately test the sandblaster for safety prior to offering it for sale, distribution and use.

    m.    In failing to supervise manufacturing techniques utilized to construct this specific model.

    n.    In failing to advise the public and Plaintiff that Defendants' offered for sale alternative sandblasters of a safer (grounded) design.

6

    o.    In failing to provide training and/or programmed instructional materials.

    p.    Violations of the National Safety Electric Code.

26.    That as a direct and proximate result of the Defendants' conduct, jointly and severally, the Plaintiff has suffered and will continue to suffer the following:

    a.    Excruciating pain, fear, anxiety, trauma, and mental anguish.

    b.    Has been forced to undergo an amputation of his left lower extremity.

    c.    Has incurred extensive medical treatment and loss of wages.

    d.    Has sustained permanent disability, has been and will be precluded for the balance of his life from engaging in his normal employment, activities, duties, and pursuits.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Express and Implied Warranties)

27.    The Plaintiffs reallege each and every paragraph as if set forth hereinbelow verbatim.

28.    The Defendants expressly and impliedly warranted to the Plaintiffs that their products were fit for its ordinary purpose, was of merchantable quality, that it was fit for its intended use and free from any defect.

29.    The Defendants implied and express warranties extended as a matter of law to the Plaintiff and his wife, who as natural people, would be reasonably expected to use or be affected by Defendants' product.

30.    The Defendants breached their warranties, express and implied, to the Plaintiffs because said product was defective, not of merchantable quality, not fit for its intended use and purpose as a product reasonably to be utilized in the automotive repair industry.

7

31. That the Plaintiffs relied on the warranties made by the Defendants and were caused severe personal injury and damages associated with those injuries as a direct and proximate result of their reliance on said warranties.

### FOR A FOURTH CAUSE OF ACTION
(Loss of Consortium)

32. The Plaintiffs allege each and every paragraph as if set forth hereinbelow verbatim.

33. Plaintiff's husband has been incapacitated permanently from gainful employment and has and will be unable to tend to his duties and as a result thereof, the Plaintiff Chastity West is suffering and will continue to suffer partial loss of her husband's social services, comfort and companionship, in and around the home and will be deprived of all of the services normally embraced in their marital relationship and normally provided by a husband of unimpaired vigor and strength, all to his damage, both actual and punitive.

34. That the aforementioned are directly and proximately caused by the heretofore alleged defective nature of Defendants' product, for which all loss of consortium are a direct and proximate result thereof.

### FOR A FIFTH CAUSE OF ACTION
(Punitive Damages)

35. The Plaintiffs allege each and every paragraph as if set forth hereinbelow verbatim.

36. As to the applicable causes of action outlined herein, the Defendants, were negligent, careless, reckless and willful, thus supporting a claim for punitive damages against Defendants to be shown at trial.

WHEREFORE, Plaintiffs pray for actual damages for their causes of action under strict liability and breach of express and implied warranty, for actual and punitive damages for negligence, carelessness, recklessness and willfulness against Defendants for damages in an amount to be determined by the Court and jury. Further, Plaintiffs demand a jury trial on all issues so triable, and for such other and further relief as the Court may deem just and proper under the circumstances.

_____
William P. Walker, Jr.

_____
S. Kirkpatrick Morgan, Jr.

WALKER & MORGAN
135 East Main Street
Post Office Box 949
Lexington, SC 29071
(803) 359-6194 Phone
(803) 957-4584 Facsimile
km@walkermorgan.com

Attorneys for Plaintiffs

Lexington, South Carolina
September 25, 2004